UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIKEN DETECTION CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>VIDERAY TECHNOLOGIES INC. and PAUL E. BRADSHAW,<br><br>    Defendants. | Civil Action No.  1:24-cv-11375<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Viken Detection Corporation ("Plaintiff" or "Viken") brings this action against Defendants Videray Technologies, Inc. and Paul E. Bradshaw (collectively "Defendants," individually "Videray" or "Bradshaw") and alleges the following:

### I.    NATURE OF THE ACTION

1. This is a civil action to correct inventorship under 35 U.S.C. § 256 of U.S. Patent No. 11,940,395 ("the '395 Patent"), attached as Ex. 1, and an action pursuant to 28 U.S.C. § 2201 for a declaration of Viken's ownership of the '395 Patent pursuant to Bradshaw's employment agreement.

### II.    PARTIES

2. Viken is Delaware Corporation with a principal place of business located at 21 North Avenue, Burlington, Massachusetts.

3. On information and belief, Defendant Videray is a Delaware corporation with its principal place of business at 1 Thompson Sq., Suite 302, Boston, Massachusetts.

4. On information and belief, Defendant Paul E. Bradshaw is a founder of Videray and resides at 36 Mystic St # 1, Charleston, Massachusetts.

### III. JURISDICTION AND VENUE

5. This Court's subject matter jurisdiction is based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because Viken seeks to correct inventorship of the '395 Patent under 35 U.S.C. § 256. The Court has jurisdiction over Viken's patent ownership claims pursuant to 28 U.S.C. § 1367(a).

6. The Court has personal jurisdiction over Defendant Videray because its principal place of business is in Massachusetts and the acts giving rise to the claims made herein occurred within Massachusetts. The Court has personal jurisdiction over Bradshaw because he resides in Massachusetts and the acts giving rise to the claims made herein occurred within Massachusetts.

7. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(2).

### IV. FACTUAL BACKGROUND

8. Viken develops security systems that are used around the world for detecting illegal contraband, drugs, human trafficking, and other illicit activities. Defendant Bradshaw was employed as a mechanical engineer at Viken from on or about November 2013 to on or about May/June of 2017.

9. As a condition to his employment, Bradshaw executed an employment agreement (the "Employment Agreement"). In the Employment Agreement, Bradshaw agreed to "promptly disclose to the Company . . . all . . . inventions . . . made or conceived or reduced to practice or learned by me, either long or jointly with others, during the period of my employment that are related to or useful in the business of the Company . . . ." Employment Agreement, Sec. 2(a). Bradshaw further agreed that "all Inventions will be the sole property of the Company . . . and that the Company (or its designee) will be the sold owner of all patents, copyrights, and other rights

in connection therewith." *Id.* Finally, Bradshaw also agreed that "I hereby assign, and agree to assign, to the Company (or its designee) and rights I may have or acquire in such Inventions." *Id.* at Sec. 2(b).

10. Part of Bradshaw's duties at Viken was to develop a handheld x-ray product designed by Viken's founder Peter Rothschild.

11. On information and belief, while working at Viken, Bradshaw planned to leave Viken to start a company that would sell a competing handheld x-ray product.

12. Bradshaw was terminated on or about May/June of 2017.

13. About two months after leaving Viken, Bradshaw formed Videray Technologies Inc. (formerly NarcRay Technologies, Inc.).

14. On August 2, 2019, Bradshaw filed Provisional Patent Application 62/882,398. A Patent Cooperation Treaty (PCT) application was filed on July 28, 2020 claiming priority to the Provisional Patent Application. The PCT application was examined and issued as the '395 Patent on March 26, 2024. Ex. 1. Bradshaw assigned the '395 Patent to Videray. *Id.* (see front page of patent).

15. The invention disclosed and claimed in the '395 patent relates to the use of first and second "projections" on a chopper wheel that serve to attenuate radiation that scatters when a source of x-rays hits the surface of the chopper wheel. As described in the '395 Patent:

> For example, in operation, x-ray energy scatters from the planar surface **258** of the chopper wheel **241**. Some of the scattered energy travels substantially parallel to the planar surface **258**, for example, in the region defining the gap **270**. This x-ray energy travels unattenuated within the gap **270** in a radially outward direction until it strikes the outer projection **256**. Similarly, some of the x-ray energy travels unattenuated within the gap **270** in a radially inward direction until it strikes the inner projection **254**. Thus, the embodiments described herein provide a labyrinth design that adds structure in the chopper wheel to further attenuate x-ray energy.

Ex. 1, col. 6, l. 65 to col. 7, l. 9.

16. This invention, however, was conceived by another engineer at Viken, Mark Hamilton, and communicated by Hamilton to Bradshaw when Bradshaw worked at Viken. In April 2017, Hamilton was working with Bradshaw on the new handheld x-ray scanner in development at Viken. Part of Hamilton's responsibilities included reviewing Bradshaw's work and recommending improvements. In this role, Hamilton recommended the use of the chopper wheel projections to Bradshaw. Around that time, Viken was testing the first prototype of the chopper wheel assembly. Bradshaw told Hamilton he did not believe Viken should pursue the "projections" idea at the time because Bradshaw believed its limited value would not justify the associated production efforts or delays. As detailed above, Bradshaw later filed an application on this idea claiming to be the inventor despite having learned of the invention from Hamilton.

17. Hamilton kept a lab notebook and the "projections" invention was memorialized in that notebook. Below is a comparison of Hamilton's notebook entry and Fig. 4 of the '395 Patent:





18.     The inner and outer projections detailed in Hamilton's notebook are the heart of the invention disclosed in the '395 patent. As Hamilton notes in the excerpt, the design results in "overall weight reduction" since the projections reduce the shielding necessary in the housing. Bradshaw noted the same advantage when he put Hamilton's idea in the '395 patent: "According to some embodiments, the housing 240 is manufactured from brass. The advantages of using brass include a lower cost and lighter weight relative to tungsten.  As is described in greater detail below, various embodiments of the chopper wheel assembly 200 include features added to the chopper wheel to increase the overall effectiveness of the shielding without the need for the housing 240 to be manufactured from a more costly material with a higher atomic number such as tungsten." Ex. 1, col. 4, l. 63 to col. 5, l. 4.

19.     The claims of the '395 patent recite, in pertinent part, the first and second projections shown in Hamilton's notebook: "a first projection extending from the planar surface in a direction of the collimator, the first projection located radially-outward of the plurality of slits and provided for 360 degrees about the central axis, and a second projection extending from the planar surface in the direction of the collimator, the second projection located radially inward of the plurality of slits and provided for 360 degrees about the central axis." Ex. 1, claim 1.  Mark

Hamilton invented the projections (and accommodating groves) that are claimed in the '395 Patent. The remaining elements of the claims (e.g., a collimator, a chopper wheel, a housing) represent well-known features in the prior art.

20. On information and belief, Defendants' PX1 and PXUltra products practice the invention claimed in the '395 patent.

## COUNT I
## (CORRECTION OF INVENTORSHIP)

21. Plaintiff Viken repeats and realleges each allegation set forth herein.

22. The '395 Patent does not list Hamilton as an inventor.

23. Hamilton invented the novel subject matter relating to the first and second projections disclosed and claimed in the '395 Patent, and communicated that invention to Bradshaw, who is currently listed as inventor on the '395 Patent.

24. Accordingly, this Court should issue an order directing the Commissioner of Patents to add Hamilton as an inventor on the '395 Patent.

25. Further, as it appears Bradshaw only copied Hamilton's work and made no inventive contribution to the '395 Patent, this Court should issue an order directing the Commissioner of Patents to remove Bradshaw as an inventor.

## COUNT II
## (DECLARATION OF OWNERSHIP)

26. Plaintiff Viken repeats and realleges each allegation set forth herein.

27. Bradshaw's Employment Agreement included a present assignment of all inventions to Viken. Thus, to the extent Bradshaw is an inventor he conceived of this invention at Viken with Hamilton and the Employment Agreement acts to automatically assign Bradshaw's rights to Viken. If Bradshaw is removed as an inventor, Viken owns the '395 Patent because its

employee Mark Hamilton is the sole inventor. Viken should be declared sole owner of the '395 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Viken Detection Corporation respectfully requests that this Court enter judgment in its favor:

1. Issuing an Order Directing the Commissioner of Patents to add Hamilton as an inventor of the '395 Patent;

2. Issuing an Order Directing the Commissioner of Patents to remove Bradshaw as an inventor of the '395 Patent;

3. Declaring that Viken owns the '395 Patent;

4. Ordering Defendants to immediately assign all rights in the '395 Patent to Viken; and

5. Any further relief the Court may deem just and proper.

## **REQUEST FOR JURY TRIAL**

Viken demands a trial by jury on all claims and issues so triable.

Dated: May 24, 2024

                                                  Respectfully submitted,

/s/ *Christopher S. Schultz*
Christopher S. Schultz (BBO #630814)
Lauren C. Schaefer (BBO #696628)
ARENTFOX SCHIFF LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
(617) 973-6100
christopher.schultz@afslaw.com
lauren.schaefer@afslaw.com
*Counsel for Plaintiff Viken Detection Corporation*

Jasjit Vidwan (*not admitted in District of Massachusetts*)
ARENTFOX SCHIFF LLP
1717 K Street NW
Washington, DC 20006
Tel: 617-973-6000
Fax: 617-367-2315
jasjit.vidwan@afslaw.com